UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOSE FIGUEROA,

                  Plaintiff,                        COMPLAINT

      vs.                                   Case No.: 1:18-cv-

STEVEN CROMAN, 232 W 14th LLC,        JURY TRIAL DEMANDED
PATRICK MCKNIGHT, DERMOT
BURKE and CK 14 TO GO, LLC,


                        Defendants.
- - - - - - - - - - - - - - - - - x

        Plaintiff, JOSE FIGUEROA (hereinafter the "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues STEVEN CROMAN, 232 W 14th LLC, PATRICK MCKNIGHT, DERMOT BURKE and CK 14 TO GO, LLC, (hereinafter, the "Defendants") for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181, et. seq., of the AMERICANS WITH DISABILITIES ACT ("ADA"), the NEW YORK CITY HUMAN RIGHTS LAW ("NYCHRL"), and the NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL") and alleges:

### **JURISDICTION AND PARTIES**

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331, 1343, 2201 and pursuant to §1367(a) and the Court has supplemental jurisdiction over Plaintiff's claims brought under the laws of the State of New York.

1

2.      Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in New York and the acts of discrimination alleged in this complaint occurred in this District and the public accommodation which is the subject of this action is situated in this District.

3.      The remedies provided by the New York State Human Rights Law Against Discrimination are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the Federal Civil Rights Act.

4.      At the time of Plaintiff's visit to the Defendants' Subject Facility in January of 2018, prior to instituting the instant action, JOSE FIGUEROA (hereinafter referred to as "Plaintiff") was a resident of the State of New York and suffers from what constitutes a "qualified disability" under the Americans with Disability Act of 1990. He is an individual with numerous disabilities including spinal stenosis which causes a restriction to his spinal canal, resulting in neurological deficits.

5.      The Plaintiff personally visited Defendants' Property, but was denied full and equal access to, and full and equal enjoyment of the facilities at Defendants' Property, which is the subject of this lawsuit.

6.      Upon information and belief defendants are authorized to conduct, and is conducting business within the State of New York and is the owner, lessee and/or operator of the real property (hereinafter and heretofore referred to collectively as "Defendants' Property") and the owner of the improvements of the Subject Facility which is located at 232 West 14th Street, New York, New York 10011, (hereinafter and heretofore referred to collectively as "Subject Facility").

7.      Upon information and belief, the Defendants maintain, manage and control the Subject Facility, established as a restaurant, The Crooked Knife, and is a "place of Public Accommodation" within the meaning of Title III of the ADA because its operations affect commerce and among other things, it is "a restaurant, bar or other establishment serving food or drink." 42 U.S.C. §12181(7)(B); see 28 C.F.R. §3 6.104. All events giving rise to this lawsuit occurred in the City and State of New York and as such venue is proper in this Court as the premises are located in the City and State of New York.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

8.      On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C.  §12101, et. seq.  Commercial enterprises  were provided one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

9.      Congress found, among other things, that:   `1D

(i)      some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

(ii)     historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(iii)    discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv)    individuals with disabilities continually suffer forms of

discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v)      the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1) -(3), (5) and (9).

10.    Congress explicitly stated that the purpose of the ADA was to:

(i)      provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)     provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 .S.C. §12101(b)(1)(2) and (4).

 (iv)   Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Subject

Facility is a place of public accommodation in that it is a Restaurant, which

provides goods and services to the public.

11.    The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations, and/or undergone substantial remodeling, repairs and/or alterations, since January 26, 1990, and/or has sufficient income to make readily achievable accessibility modifications.

12.    Defendants have discriminated, and continues to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendant's Property, in derogation of 42 U.S.C. §12101, et. seq., and as prohibited by 42 U.S.C. §12182, et. seq., and by failing to remove architectural Barriers pursuant to 42 U.S.C. §12182(b) (2) (a) (IV), where such removal is readily achievable.

13.    The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendants' Property. Prior to the filing of this lawsuit, Plaintiff personally visited Defendants' Property, with the intention of using Defendants' facilities, but was denied access to the Subject Property, and therefore suffered an injury in fact. Plaintiff specifically intends to visit the Restaurant in the future but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at Subject Property, all in violation of the ADA, and the New York State and New York City Human Rights Law. The barriers to access the Restaurant have effectively denied Plaintiff's ability to visit the property and have caused embarrassment and frustration to the Plaintiff by not being able to access the Restaurant.

14.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as  the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $110,000 for the first violation and $150,000 for any subsequent violation.

15.     The Defendants' Subject Facility is in violation of 42 U.S.C. §12181, et. seq., the ADA and 28 C.F.R. §36.302, et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

Failure to provide an accessible entrance due to the seven steps at the entrance to the Restaurant and the failure to install ramps with appropriate slope and signage, and/or otherwise provide an accessible and properly designated entrances, as required by 28 C.F.R. Part 36. The steps leading into the Subject Facility are an insurmountable barrier to the ingress and egress of Plaintiff and other individuals who use wheelchairs violating 207. Standards 4.3.2(1) requires at least one accessible route be provided from public streets or sidewalks to the accessible building entrance they serve. The steps at the entrance to the Restaurant means there is no accessible route for the Plaintiff and others so situated.

The steps at the entrance violates 206.1, 206.2, and 206.2.1 by failing to provide an accessible route from the city sidewalk to the restaurant entrance. These steps are an insurmountable barrier to the ingress and egress of Plaintiff and other individuals who use wheelchairs violating 207. The steps violate 206.4 which require that entrances shall comply with 404 and be on an accessible route complying with 402. The entrance to the Restaurant doors violates 404.2.4, which requires minimum maneuvering clearances at doorways; 404.2.4.3 by failing to provide adequate maneuvering clearance for a recessed doorway. Changes in level are not allowed. Required minimum maneuvering

clearance not provided at entrance doors to the Restaurant; The entrance to the Restaurant is in violation of 404.2.6 when pivoted doors or gates are in series, a separation is required that is at least 48" plus the width of doors or gates swinging into the space. This would allow users to clear one door or gate before opening the next and applies to those doors or gates that are opposite each other where travel through both doors is required.

Required minimum maneuvering clearance not provided at entrance doors to the restaurant; Failure to provide accessible aisles of at least 36 inches clearance between parallel edges of tables or between a wall and the table edges to all accessible tables in accordance with the requirements of 28 C.F.R. Part 36, Section 5.3. Failure to provide accessible seating for a disabled person(s) at a bar or adjacent table in the bar area as required by 2010 ADAAG §902, 902.1, 902.3, 4.32.4. Inaccessible dining tables as required minimum knee and toe clearance not provided at dining tables.

Compliant signage identifying the restroom not provided as required. Failure to provide an accessible pathway, of at least 36 inches in width, in front of restroom area, in violation of 28 C.F.R. Part 36, Section 4.3.3. The flight of the interior stairs, three (3) create an insurmountable barrier to the ingress and egress of Plaintiff and other individuals who use wheelchairs violating 207.1; Failure to provide access to restroom, on lower level without an elevator and/or wheelchair lift, in violation of 28 C.F.R. Part 36, Section 4.3. Failure to provide accessible entrance due to the step at said entrance to the restroom as required by 28 C.F.R. Part 36.

Failure to provide at least one lavatory that has a clear floor space for a forward approach of at least 30 inches wide and 48 inches long as required by 2010 ADAAG § 606.2;

Failure to provide sufficient clear floor space around water closet in bathroom which

does not allow for any obstructing elements in these spaces as required by 2010

ADAAG §§ 4.22, 603, 603.2.3, 604, 604.3 and 604.3.1. Failure to provide sufficient

clear floor space/sufficient turning radius in restroom, to provide safe adequate

maneuverability. Failure to rearrange stall partitions and/or walls to provide sufficient

accessibility and maneuvering space in restroom for individuals with disabilities, as

required by 28 C.F.R. Part 36, Section 4.17. Failure to provide a clear path to the water

closet that is the proper width as required by 2010 ADAAG § 403.5.1; Failure to

provide accessible restroom door handles, that can be operable with one hand and does

not require tight grasping, pinching or twisting of the wrist, as required by 28 C.F.R

Part 36, Sections 4.13.9 and 4.27.4. Failure to provide at least 17 inches depth clearance

under lavatory as required by 28 C.F.R. Part 36, Section 4.19.2, and storage of items

underneath. Failure to provide at least 17 inches depth clearance under lavatory as

required by 28 C.F.R. Part 36, Section 4.19.2, and storage of items underneath.

Failure to provide a hand operated flush control located on the open side of the

accessible water closet as required by Section 604.6.

Failure to provide the required underside clearance of at least 29 inches above the

finished floor to the bottom of the apron under lavatory for accessibility, in compliance

with 28 C.F.R. Part 36, Section 4.1 and Section 4.19.2.

Failure to provide soap dispenser at an accessible height in restroom, as required by 28

C.F.R. Part 36, Section 4.22.7. Failure to install accessible mirror in restrooms in

compliance with 28 C.F.R. Part 36, Section 4.19.6. Failure to provide an accessible locking

mechanism on restroom door that can be operable with one hand and shall not require tight

grasping, pinching or twisting of the wrist as required by 28 C.F.R. Part 36, Section 4.27.4.

Failure to provide ADA compliant signage in restroom areas in violation of 28 C.F.R. Part

36, Section 4.30. Failure to install the required rear grab bar in restroom, around an

accessible toilet in accordance with 28 C.F.R. Part 36, Section 4.17.6. Failure to provide adequate directional and accurate informational signage throughout the Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16).

Failure to provide signage in the Subject Facility addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.  Photographs depicting some of the discriminatory barriers are annexed as *Exhibit A,* made a part hereof and incorporated by reference herein.

16.     Upon information and belief, there are other current violations of the ADA at Defendants' Property, and only upon a full inspection can all said violations be identified.

17.     To date the architectural barriers, the removal of which is readily achievable, and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

18.     Pursuant to the ADA, 42 U.S.C. §12101 et seq., and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendant has failed to comply with this mandate.

19.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facility to make them independently accessible to, and useable by, individuals with disabilities to the extent required by the ADA and closing the subject facilities until the requisite modifications are completed.

20.     Defendants' failure to remove the barriers to access constitutes a

pattern and practice of disability discrimination in violation of 42

U.S.C. sections 12188(b)(1)(B)(i), (b)(2)(A)(iv), and 28 C.F.R. Sec.

503(a).

## COUNT II - VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

21.     The New York City Human Rights Law provides:

(a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of … disability …

NYC Admin. Code § 8-107(4)(a).

22.     Defendants are in violation of the New York City Human Rights Law

by denying the Plaintiff full and safe access to all of the benefits,

accommodations and services of the Subject Facility.

23.     The Plaintiff repeats and re-alleges the allegations of paragraphs 1

through 22 as if set forth in their entirety herein.

## COUNT III - VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

24.     The New York State Human Rights Law provides:

(a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation…. because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages,

facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place

shall be refused, withheld from or denied to any person on account of … disability ……NYS Executive Law § 296 (2)(a).

25.    Defendants' Property is a place of public accommodation as defined in

the New York State Human Rights Law.

26.    The Defendants have further violated the New York State Human Rights

Law by being in violation of the rights provided under the ADA.

27.    Defendants are in violation of the New York State Human Rights Law by

denying the Plaintiff full and safe access to all of the benefits,

accommodations and services of the Subject Facility.

28.    The Defendants have failed to make all readily achievable

accommodations and modifications to remove barriers to access in

violation of Executive Law §296(2)(c)(iii).

29.    The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through

27 as if set forth in their entirety here.

30.    As a direct and proximate result of Defendants' unlawful

discrimination, in violation of the Executive Law, Plaintiff has suffered

and continues to suffer emotional distress, including, but not limited to

humiliation, embarrassment, stress and anxiety.

32.    The Defendants have subjected, and continues to subject, Plaintiff to

disparate treatment by directly and/or indirectly refusing, withholding,

and denying the full accommodations of the Subject Facility, and

advantages, facilities and privileges of its place of public accommodation,

all because of disability, in violation of  Administrative Code § 8-107(4).

33.    The Defendants have discriminated against Plaintiff in violation of Administrative Code of the City of New York, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible place of public accommodation.

34.    The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 58, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code § 8-130 (emphasis added).

35.    The Administrative Code is to be construed broadly in favor of Plaintiff to the fullest extent possible. Albunio v. City of New York, 2011 NY Slip Op 02480 (N.Y. Court of Appeals, March 31, 2011).

36.    As a direct and proximate result of the Defendants' unlawful discrimination, in violation of Administrative Code of the City of New York, Plaintiff has suffered an injury in fact.

37.    The Defendants' long-standing refusal and/or lack of effort to make

the Subject Facility fully accessible was egregious and undertaken

with reckless disregard to Plaintiff's rights under the Administrative

Code.

38.   By failing to comply with the law in effect for decades, the

Defendants have articulated to disabled persons, such as the

Plaintiff, that they in effect are not welcome and not desired as

patrons of its place of public accommodation.

39.   The Defendants unlawful discriminatory conduct constitutes

willful and wanton violations of the Administrative Code for

which Plaintiff is entitled to an award of punitive damages.

Administrative Code § 8-502.

40.   The Plaintiff repeats and re-alleges the allegations of paragraphs

1 through 36 as if set forth in their entirety here.

## ATTORNEYS' FEES AND COSTS

41.   The Plaintiff has been obligated to retain the undersigned counsel for the

filing and prosecution of this action. The Plaintiff is entitled to have his

reasonable attorneys' fees, costs and expenses paid by the Defendants,

pursuant to the ADA and the New York City Human Rights Law.

Plaintiff prays for judgment pursuant to N.Y. Exec. Law § 297, including

compensatory damages contemplated by § 297(9).

## DAMAGES

42.   Plaintiff demands compensatory damages in the sum of TWENTY-

FIVE THOUSAND DOLLARS ($25,000.00) per violation of the

NYCHRL and the NYSHRL, severally;

## <u>INJUNCTIVE RELIEF</u>

43.   Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to

grant the Plaintiff's injunctive relief; including an order to alter the subject

facilities to make them readily accessible to, and useable by, individuals with

disabilities to the extent required by the ADA, the New York City

Human Rights Law, and the New York State Human Rights Law and

closing the subject facilities until the requisite modifications are completed.

**WHEREFORE**, the Plaintiff hereby demands judgment against the

Defendants and requests the following injunctive and declaratory relief:

A.   The Court declares that the subject property and Subject Facility

owned, operated, leased, controlled and/or administered by the

Defendants are violative of the ADA, the New York City Human

Rights Law, Executive Law and of the New York State Human

Rights Law;

B.   The Court enter an Order requiring the Defendants to alter their

facilities and amenities to make them accessible to and usable by

individuals with disabilities to the full extent required by the Title

III of the ADA, the NYCHRL and the NYSHRL; issue a

permanent injunction ordering the Defendants to remove all

violations of  the ADA, Executive Law and Administrative Code,

including, but not limited to, the violations set forth above;

C.   Award plaintiff compensatory damages in a sum of TWENTY-

FIVE  THOUSAND DOLLARS ($25,000.00) per violation, of the

NYCHR and the NYSHRL, severally;

D.      Issue a permanent injunction against the Defendants, requiring

Defendants, and all persons or entities in active concert therewith,

to provide accessible route into the restaurant at the Premises for

individuals who use wheelchairs, and to make all public portions of

the    premises accessible to him and others so situated.

E.      Find that Plaintiff is a prevailing party in this lawsuit and award

reasonable attorney's fees, costs and expenses against Defendants, and

award such other and further relief, at law or in equity, to which Plaintiff

may be justly entitled;

F.      Retain jurisdiction over the Defendants until the Court is satisfied that the

Defendants' unlawful practices, acts and omissions no longer exist and will

not reoccur;

G.      The Court awards such other and further relief as it deems necessary, just

and proper.

### JURY DEMANDED

Plaintiff demands a trial by jury of all issues of fact and damages.


Dated: Syosset, New York
       March 7, 2018


                            _____S/S_____
                            Stuart H. Finkelstein, Esq.
                            Finkelstein Law Group, PLLC
                            Attorneys for Plaintiff
                            338 Jericho Turnpike
                            Syosset, New York 11791
                            Telephone: (718) 261-4900

Exhibit A











