STUART H. FINKELSTEIN, ESQ.

FINKELSTEIN LAW GROUP, PLLC
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

June 9th, 2018

The Honorable Judge Gregory H. Woods
United States District Court
Southern District of New York - Courtroom 12C
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

> Re: Figueroa vs. Croman et al
> Case No.: 1:18-cv-02077-GHW
> Motion to Strike Pleadings pursuant to Rule 37(b) (2) (A), (C) of the
> Federal Rules of Civil Procedure

Dear Judge Woods,

I respectfully remind the Court that we represent the Plaintiff in the above-entitled action and are now forced to file the instant Motion to strike the pleadings of the Defendants.

This lawsuit was filed more than three months ago and due to the Defendants requested multiple extensions of time, there has been not one iota of Discovery had. The Court ordered Responses by June 8, 2018 and yet there has been no compliance.

Moreover, at the two conferences held before the Court, the first at the Courthouse, and the other just four days ago, telephonically, Defendants continued to insist on getting from your Honor a continuing adjournment, without a date, in the hopes of I don't know what.

Moreover, during that phone conference you discussed, only upon Plaintiff's Motion, the consequences of not complying with your Order. I also recall the reaction of defense Counsel when that subject was brought up, as he took it as a threat.

For this constant stonewalling to be self-countenanced by defendants is just plain wrong. The constant and never-ending obstructing by Defendants and their Counsel is, at this point in time, intolerable.

-1-

STUART H. FINKELSTEIN, ESQ.

As the Court is aware, Rule 37(b) (2) (A), (C) of the Federal Rules of Civil Procedure states: "(A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
(i)   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv)  staying further proceedings until the order is obeyed;
(v)   dismissing the action or proceeding in whole or in part;
(vi)  rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination...

(C) Payment of Expenses. Instead of or in addition to the orders above, the Court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

There is no reasonable excuse and certainly no meritorious argument, at law, to justify or validate this obstructionist behavior.

Therefore, respectfully, Plaintiff seeks his remedies available at law including but not limited to the striking of the Defendants' pleadings in whole.

I remain, respectfully,

Very truly yours,

Stuart H. Finkelstein

SHF/bf
To all Counsel of record via ECF