# Martin D. Novar, Esq.

112 Madison Avenue, Sixth Floor
New York, New York 10016
Tel: (212) 213-9757
Fax: (212) 689-9680
martin@novaresq.com

June 15, 2018

**By ECF**
Honorable Gregory H. Woods
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, New York 10007

      RE:    Jose Figuera v. Steven Croman, 232 W 14th LLC, Patrick McKnight,
                Dermot Burke and CK 14 To Go, LLC
                1:18-cv-2077 (GHW)

Dear Judge Woods:

I represent the defendants in the above entitled action and remind the Court that this is one of approximately a dozen of plaintiff's actions in this district under the Americans With Disabilities Act.

I read Stuart Frankenstein's second motion and expected it to be rejected by the Court, as his first alleged motion was, because it too did not comply with the Court's Individual Rules. I didn't respond to the first motion as I don't believe in wasting the Court's time with unnecessary filings and I didn't feel a response to that submission necessary.

However, in response to the second motion and the Court's Order, please consider,

the Individual Rules state:

> To request a pre-motion conference concerning discovery, counsel must submit a single, jointly composed letter describing their discovery dispute(s). Letters submitted pursuant to this section must comply with the procedures set forth above in Rule 1(A), except that letters under this section must be no longer than 5 pages total, excluding exhibits. Strict adherence to Fed. R. Civ. P. 37(a)(1)'s "meet and confer" rule is required, and the letter must describe the efforts taken to resolve the dispute including the counsel involved and the time, place, and duration of the efforts. The Court will issue an order or promptly schedule a conference, which will serve as the Local Rule 37.2 pre-motion conference.

Opposing counsel did not file, nor seek my input, for a "single, jointly composed letter." Further, there has been no compliance, much less, "strict compliance" with  "Fed. R. Civ. P. 37(a)(1)'s "meet and confer." rule.

Novar to Judge Woods
June 15, 2018
Page 2

Fed. R. Civ. P. 37(a)(1) states:

> (a) Motion for an Order Compelling Disclosure or Discovery.
>
> (1)   *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action

Opposing counsel has failed to provide notice to me and never in good faith conferred or attempted to confer in an effort to obtain discovery without court action. If he would have made such an attempt, no appeal to the Court would have been necessary. Nor did opposing counsel make the required Certification.

Opposing counsel continues to write his own procedural rules while and repeatedly disrespecting this Court's own requirements after numerous admonishments.

Addressing a couple of opposing counsels misrepresentations to this Court:

1) For the first time in 25 years of practice, opposing counsel did not grant me an extension to file an answer. What lawyer is behaves like this ? What life experience quashes any sense of honor, grace and decency in the practice of law ? It is true, I sought and was granted an extension in time to file an answer from the Court. This extension was sought o provide an opportunity to settle this matter, as I have in close to have a dozen similar suits. That extension was sought as a service to the Court and Plaintiff to resolve this matter in the earliest and most efficient manner possible.

2) There have not been multiple extensions of time. This is a misrepresentation to the Court that is proven by the record.

3) There have not been two conferences where I sought an extension from the court. There was one conference, over the telephone, after I filed a letter pursuant to the Court's Individual Rules and the FRCP. This letter was filed only after I called and discussed my need for an extension with opposing counsel. A request he denied. The statement that there have been multiple requests for an extension is a misrepresentation to the Court.

Opposing counsel's previous submission misrepresented to the Court the Court's own order, called me obstructionist and stone walling with no evidence, said I "forced him" to make a filing with no evidence, and seems to imply some great misdeed has been done that hurts him or his client. No such harm has occurred and opposing counsel points to none. I also bring to the Court's attention that fact discovery does not end until July 27, 2018, so there is no prejudice either to the Court or opposing counsel.

As Your Honor knows, opposing counsel and I have different approaches to this case and, in fact, to the

Novar to Judge Woods
June 15, 2018
Page 3

practice of law. I do apologize that the has Court is been dragged into our personality clashes. There is no reason for this. The Court, opposing counsel and I are all experienced in cases of this type and there is absolutely no reason this case has lasted as long as it has.

I thank you for your time and consideration.

                              Very truly yours,

                              s/Martin D. Novar

                              Martin D. Novar

CC: Stuart Finkelstein, Esq. (by ECF)